## Moffitt v. Rogers.

Reissued letters-patent No. 6162, granted to John R. Moffitt for an "improvement in the manufacture of heel stiffeners for boots and shoes," are void, inasmuch as they cover a contrivance essentially different from that described in the specification of the original letters.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This is a suit in equity brought by John R. Moffitt against Rogers and Moore for their alleged infringement of reissued letters-patent No. 6162, granted, Dec. 8, 1874, to him for an improvement in the manufacture of heel stiffeners for boots and shoes. The original letters No. 127,090 bear date May 21, 1872.

Heel stiffeners, or counters, as they are sometimes called, were formerly made by hand, the leather while wet upon the last being shaped by the blows of the shoemaker's hammer. Previously, however, to the date of the complainant's original letters-patent, ready-made moulded counters were manufactured by placing the counter-blank across the opening of the mould and forcing it into the mould by a plunger or former, or by placing the blank upon the back of the stationary former, and forcing it around the former by the pressure of the mould. Counters had also been shaped on machines by which a rolling pressure was applied. As early as 1853 machines known as the Nichols were employed. This machine had a rotating "former" circular in cross-section, which was applied by pressure to another circular roller, conforming to this "former" longitudinally, the object being to set leather into the proper shape either for soles or heel stiffeners.

In the specification of his original patent, Moffitt declared: "In 'moulding' to shape ready-made counters or stiffeners for heels of boots and shoes made of various materials, but usually of waste bits of leather, a difficulty exists, by reason of the peculiar shape required in getting an equal or sufficient pressure upon all parts of such counter so as to get uniform hardness throughout; and also a further difficulty in getting a true and proper permanent form throughout all parts, because the mate-

rial will differ in character in different parts of the same counter, some of it, especially in leather, being of a more spongy nature than other parts. This difference or lack of homogeneity prevents a uniform solidity, and precludes the true preservation of the shape which a mould may impart.

" The object of my invention is not only to make more perfect ready-made shaped counters than can be made by any 'moulding' process, but also to make a new article of manufacture, viz. a 'rolled' counter, prepared, solidified, and uniformly hardened and set to shape by a rolling pressure, such rolling action producing a new as well as better article, and admitting of producing the same from material hitherto found too intractable, such as leather board, sheet metal, &c. Instead, therefore, of shaping the stiffener in a mould, I employ no mould of any kind, but use a moving former, A, devised by me, of a shape adapted to give the desired shape to the counters, and set eccentrically on a shaft, B, the shaft being arranged to have a continuous or reciprocating rotary movement, either by hand or by power as desired. Beneath this 'former' I place a roller, C, having a profile as shown, the converse of and conforming to that of the 'former,' the shaft of the roller having its bearings in the main frame, D. The shaft of the 'former' has its bearings in a swing-frame, E. F is a treadle-strap, whereby the swing-frame may be pulled down to give any required degree of pressure, and which also permits the eccentric 'former' to rise and fall, as in its movements it rides and rolls over the surface of the counter, the counter-piece being placed centrally upon the 'former,' and being rubbed and rolled as well as squeezed between them while being brought into shape. . . .

" The 'former,' as will be seen, projects further from its axis on one side than on the other, so as to conform nearly to the general form of the curves of the inside of a shaped counter. This gives a rolling action in addition to the squeezing over the whole body of the counter."

The cross-section of the " former," as shown by the drawings and model, was elongated, with one or both ends semicircular.

The specification proceeds: " The end *g* of the 'former' need

not be a plane, as shown in Fig. 1, but instead may be rounded at its opposite end, as shown in Fig. 3, so that it may be continuously revolved and in either direction. In such case I prefer to place the shaft in its centre or equally distant from both ends.

"Instead of a single roll a pair of auxiliary rolls may be used, as shown in Fig. 4, one on each side of the single one."

The claims are thus stated: "I claim —

"1. The described apparatus for rolling to shape heel stiffeners or counters.

"2. I also claim as a new article of manufacture heel stiffeners or counters shaped and compacted by a rolling action, as described.

"3. I also claim the process herein described of shaping and setting to shape heel stiffeners or counters by rolling, as distinguished from moulding."

The specification of the reissued letters is substantially the same as that of the original, with the following exceptions: —

For the term "rollers" in the original specification the words "supports or rollers" are substituted in the reissued specification, and the word "mechanism" in the first claim of the reissue.

In the reissued specification the requirement that the "former" should be set eccentrically on a shaft, and the statement that the former projects further from the axis on one side than the other, are omitted.

The claims of the reissued patent are as follows: —

1. In a machine for making counters or stiffeners for boots and shoes, a turning or revolving former, in combination with mechanism for holding and shaping the blank over it.

2. The revolving or turning counter-former A, in combination with a supporting roll or rolls for rolling, or for rolling and flanging blank stock into heel stiffeners, substantially as shown and described.

3. The process described of forming the heel-seat of a counter by means of a former having a motion about a centre, and which gives to the heel-seat a drawing or rubbing action against a flange or bearing surface, in addition to the rolling action.

The infringement charged against the defendants was in their use of the device described in reissued letters-patent No. 5896, granted to Louis Coté, June 2, 1874, for an "improvement in machines for forming boot and shoe stiffeners."

The specification of this patent declares: "The invention or machine consists of a rotary head of a spherical, spheroidal, or sphero-cylindrical shape, fixed upon and concentrically with a rotary shaft, in combination with a stationary mould correspondingly or approximately so concaved, whereby, by the revolution of the said rotary head within the mould, a piece of leather of suitable form introduced between them may be drawn into and through the concavity of the mould, and receive a curved form lengthwise and withdrawn, and thereby be adapted for use as a stiffening for a boot or shoe."

A clear idea of the contrivance covered by the Coté patent may be derived from the drawings which illustrate the specification.

On final hearing the court dismissed the bill, and the complainant appealed.

*Mr. George Harding* and *Mr. William A. Macleod* for the appellant.

*Mr. Chauncey Smith* and *Mr. Thomas L. Wakefield* for the appellees.

MR. JUSTICE WOODS delivered the opinion of the court, and, after stating the case, proceeded as follows: —

The evidence leaves no doubt in our minds that the first claim of Moffitt's reissued patent is broader than any claim of his original patent. The original patent covered an elongated heel-shaped former, set eccentrically upon its shaft. This was an essential part of the invention described in the original patent. The specification declares: "I use a 'former,' A, of a shape adapted to give the desired shape to the counter, and set eccentrically on the shaft B." The "former" shown by the drawings is elongated and heel-shaped in cross-section. The specification further declares: "The 'former,' as will be seen, projects further from its axis on one side than on the other, so as to conform nearly to the general form of the curves of the inside of the shaped counter. This gives a rolling

action in addition to the squeezing over the whole body of the counter." '

The specification of the reissued patent omits both of these statements, and thus allows a "former" to be made, if desired, with a circular cross-section, and to be set concentrically on its shaft. It is, therefore, clear that it covers a contrivance essentially different from that described in the original specification and claim.

The first claim of Moffitt's reissued patent differs materially from the specification and first claim of the original patent in another particular. The original specification thus describes the means by which the blank stock is pressed against the "former:" "Beneath the former I place a roller, C, having a profile, as shown, the converse of and conforming to that of the former, the shaft of the roller having its bearings in the main frame, D." It is also stated that "instead of a single roll a pair of auxiliary rolls may be used, as in Fig. 4, one on each side of the single one." In the first claim of the reissued patent the device of one or three rolls is expanded to cover "any mechanism for holding and shaping the blank over" the "former."

It, therefore, appears that the specification and first claim of the original patent were intended to cover an elongated heel-shaped former, eccentrically set upon its shaft, against which the material of which the counter was to be made was pressed by a revolving roller or rollers, and that the first claim of the reissued patent was expanded so that it might cover a 'former' circular in cross-section, concentrically set, and revolving in the semi-circular groove of a stationary mould, by which the material was pressed against the former.

The difference between the device covered by the specification and first claim of the original patent, and the device which might be embraced by the specification and first claim of the reissued patent, is essential and palpable.

If the evidence proves any infringement, it is of the first claim only of the complainant's reissued letters-patent by the use of the machine covered by the patent granted to Louis Coté June 2, 1874.

The purpose of the complainant to cover by his reissued

patent the invention described in the Coté patent is clear and is not denied. It is evident that the Coté machine does not infringe the original patent of Moffitt. The "former" described in the original specification of Moffitt being elongated in cross-section and eccentrically set upon its shaft, could not have either a rotating or reciprocating movement in the semi-circular grooved mould of the Coté patent, and by no stretch of construction could the stationary grooved mould of the latter patent be considered the equivalent of the cylindrical revolving rollers of Moffitt's original patent.

The specification and first claim of the reissued patent are a plain attempt to include a device which was not and could not be fairly covered by the original patent. That claim is, therefore, for that reason void. *Gill* v. *Wells*, 22 Wall. 1; *The Wood Paper Patent*, 23 id. 566; *Powder Company* v. *Powder Works*, 98 U. S. 126; *Ball* v. *Langles*, 102 id. 128; *Miller* v. *Brass Company*, 104 id. 350; *James* v. *Campbell*, id. 356; *Heald* v. *Rice*, id. 737; *Bantz* v. *Frantz*, 105 id. 160; *Johnson* v. *Railroad Company*, id. 539. And the evidence shows no infringement of any other claim of the reissued patent.

The decree of the Circuit Court dismissing the bill was therefore right, and must be

*Affirmed.*