### MOFFITT *v.* CAVANAGH.

*(Circuit Court, S. D. New York. June 4, 1883.)*

PATENTS FOR INVENTIONS—LETTERS PATENT NOS. 178,869 AND 209,826 CONSIDERED.

Claims 5 and 6, in letters patent No. 178,869, dated June 20, 1876, for an improved process for shaping a heel counter or stiffener for boots and shoes, and for improvements in machinery for the manufacture of counters, and claims 1, 3, and 4, in letters patent No. 209,826, dated November 12, 1878, for improved machinery for the same object, issued to John R. Moffitt, *held* valid, and the unauthorized use of the improvements therein described by defendant restrained, and an account of profits ordered.

In Equity.

*Wm. A. Macleod* and *George Harding,* for plaintiff.

*Wm. S. Lewis* and *Lucien Birdseye,* for defendant.

SHIPMAN, J. This is a bill in equity, based upon the alleged infringement by the defendant of letters patent No. 178,869, dated June 20, 1876, and letters patent No. 209,826, dated November 12, 1878, each patent having been issued to the plaintiff as inventor. The first patent was for an improved process for shaping a heel counter or stiffener for boots and shoes, and for improvements in machinery for the manufacture of counters; the second patent was for improved machinery for the same object.

The defendant was licensed on July 17, 1876, by the plaintiff to use two machines containing the improvements specified in No. 178,-869. The license was revoked on August 7, 1878. In the spring of 1878 the plaintiff placed upon the machine the alleged improvements,

specified in No. 209,826. The license provided that after a breach, not waived, of its conditions the machines should become infringing machines, and were not to be used. Since the revocation all the improvements have been used by the defendant against the will of the plaintiff.

In the specification of No. 178,869 the patentee says:

"My invention relates to the shaping of the counter from the blank, and it consists primarily in using a double process for effecting this, as will be more fully explained hereinafter; the first process consisting in shaping it by means of a former moving upon an axis and suitable means for holding the blank up to the former, and the second process consisting in moulding the counter so formed over a male mould of the desired form. By this double process a counter is formed which suits the wants of the consumer much better than any other known to me. Another feature of my invention consists in flattening down the flange by means of a pressure-surface, which moves in the arc of a circle, the part which supports the flange of the counter under the action of this pressure-surface formed with a surface which is curved to correspond. Another feature of my invention consists in heating the surface of the blank when it is formed up upon the former, by friction, in order to set the curves formed in the blank. And still another feature relates to the apparatus used in practicing my invention, and consists in certain combinations of parts, hereinafter more fully described. * * * Heretofore counters have been made for the market either by forming them over a male mould,—the process being the same in principle as the second branch of my improved process, and the apparatus the same in principle as my mould, *e*, and the means described for forming the counter over it,—or else by means of a former and suitable means to hold the blank up to the former,—this process being the same in principle as the first branch of my improved process, and practiced with an apparatus the same in principle as my form, a presser-roll, *b*, or presser-surface, *d;* but all counters made by the first of these processes were objectionable, in that the material could not, by this process, be practically curved, as is necessary in the best counters, while all the counters made by the latter process, by which process the main curves desired could be very efficiently given to the back portion of the counter,—that is, the curves from top to bottom, and the curves at right angles to the curves from top to bottom at the back part of the counter,—yet other portions of the counter were necessarily curved in the same way, which is objectionable, even in cheap work, and almost wholly prevents the use of such counters in several large classes of shoes. By my improved process the curves at the back portion of the counter are properly formed, and yet the other portions of the counter are brought to the exact form desired."

The claims are as follows:

"(1) The improved process of shaping counters, above described, consisting in first giving the proper curves by a revolving former, substantially as described, and afterwards giving the exact shape by forming the counter over a male mould, all as set forth. (2) The male mould, *e*, formed with its sole-surface curved, as described, in combination with a pressure-surface arranged to move over it in the arc of a circle, and thereby form the bottom of a counter on a curve, all as set forth. (3) The mode of giving a more permanent set to the curves by running the presser-roll, *b*, at a greater speed than the former, *a*, as and for the purpose described. (4) In combination with the male mould, *e*, the heads, A and B. (5) The guide, C, in combination with the male mould,

*e*, and mechanism for shaping the counter over that mould, substantially as described. (6) The nee le, *k*, in combination with the male mould, *e*, and mechanism for operating the needle, as described."

On February 24, 1874, letters patent No. 147,906 were issued to Louis Coté for a machine for performing the first part of this double process. Reissued letters patent No. 7,356 were issued to Coté on October 24, 1876.

Moffitt obtained a patent, No. 127,090, dated May 21, 1872, for a machine for performing the first part of the process, which patent was reissued to him on December 8, 1874, said reissue being No. 6,162. The first part of the machine, described in No. 178,869, is the same in its general principles as that described in No. 6,162, except in one particular, which relates to the speeded roll mentioned in the third claim.

Three suits have been tried in the circuit court for the district of Massachusetts upon these two reissues and No. 178,869. On April 23, 1879, Judge LOWELL decided, in a suit of *Moffitt* v. *Rogers*, who were the licensees of the Coté patent, that reissue 7,356 was not an infringement of reissue 6,162. This decision has been affirmed by the supreme court, which held that the Coté machine did not infringe the original patent or invention of Moffitt, and that his reissue was unduly enlarged. *Moffitt* v. *Rogers*, 106 U. S. 423; [S. C. 1 Sup. Ct. Rep. 70.]

On July 2, 1881, in a suit of *Moffitt* v. *Rogers*, Judge LOWELL decided that the first claim of No. 178,809, and the only claim in controversy in that suit, was invalid, upon the ground that the double process was not patentable. 8 FED. REP. 147.

On the same day, in a suit of *Cote* v. *Moffitt*, 8 FED. REP. 152, Judge LOWELL decided that the reissued Coté patent, No. 7,356, was infringed by machines constructed under patent No. 178,869.

For the same reasons which are stated by Judge LOWELL in *Moffitt* v. *Rogers*, 8 FED. REP. 147, I am of opinion that the first claim of No. 178,869 is invalid.

In view of the Simonds and Emery machine, wherein the flange-forming apparatus was moved in a straight line and the heel-seat was formed straight, there is nothing patentable in moving the flange-forming apparatus in the arc of a circle and thereby making the tread curved. There does not seem to have been any practical advantage in having the heel-seat somewhat curved. The second claim is, therefore, held to be invalid.

Much testimony was given by the defendant to show that the running of the presser-roll at a greater speed than that of the former was useless. It was proved that the presence of the speeded roll was not important, and the validity of the third claim was not insisted upon by the plaintiff.

The patentee says in his specification that "heretofore counters have been made for the market either by forming them over a male

mould,—the process being the same in principle as the second branch of my improved process, and the apparatus the same in principle as my mould, *e*, and the means described for forming the counter over it, —or else," etc. In view of this concession, and of the testimony of the plaintiff's expert in *Emery* v. *Cavanagh*, which was stipulated into this case, I do not think that the heads, A and B, were a patentable improvement upon the pre-existing mechanism, shown in the Simonds and Emery patent, for forming the counters over the mould.

Claims 5 and 6 contain novel and patentable inventions.

The principal feature of No. 209,826 consists in fluting the edge of the counter-former and causing the fluted edge to mesh into the teeth of a gear, so that the edge of the blank which is to form the flange may be fluted or corrugated. The object of these corrugations is to enable the flange to be more easily and evenly turned. Another change consisted in dividing the presser, *d*, of patent No. 178,869 into two "auxiliary supports, D, D'."

The claims are as follows:

"(1) The improved counter-former, A, grooved or fluted around its flange end, substantially as described. (2) In combination, the revolving counter-former, A, presser, C, and auxiliary supports, D, D', arranged together, as described, the parts, C, D, D', being so formed that each will act upon only a small portion of the blank in lines crosswise of the blank and close together, in order that only a small portion of the blank may be acted upon at any given time. (3) In combination, the fluted counter-former, A, gear, B, and presser, C, all substantially as described. (4) In combination, the fluted counter-former, A, gear, B, presser, C, and supports, D, D', all substantially as described."

The fluted counter-former has no utility unless it meshes into a corresponding roller or gear, or mechanism of some sort. The defendant therefore insists that the first claim is void; but the specification makes it apparent that this claim should be construed to mean a counter-former fluted and meshed, as shown, with the gear, B, or with a roller or other equivalent device. The gear, B, or a fluted roller must be implied in the claim, for it is manifest from the specification that the meshing of a fluted former with a gear or roller was the invention.

The third and fourth claims are for the combination of the fluted former with the mechanism, by which it is made available. The new former and the gear are for the same purpose, and operate apparently in the same way as the rollers, *l, o*, of the James L. Hatch patent of February 15, 1876, which corrugate the blank before it is projected upon the former. I cannot see that the mere change of location is of any importance or presents a patentable improvement. But the change of location may have required the employment of new devices or of inventive skill to enable the two corrugating rollers to operate in the new location, and thus to enable the Moffitt machine to accomplish a beneficial result which it could not accomplish before, and "thus this location, in connection with such new

devices," will be patentable. *Marsh* v. *Dodge & Stevenson Manuf'g Co.* 6 Fisher, 563.

. I cannot say, without any evidence on the subject, that, corrugating the blank by means of a fluted counter-former and a gear, instead of by rollers, before the blank was projected upon the former, did not require such a change and alteration of the mechanism as to amount to a new device, or was nothing more than a mechanical change. This question involves questions of fact upon which no testimony was presented, and therefore the presumption from the grant of the patent remains undisturbed. The first, third, and fourth claims are, therefore, held to be valid.

The second claim is for the revolving counter-former, fluted or not fluted, presser, and auxiliary supports. This combination is substantially the mechanism of the first part of No. 178,869.

Let there be a decree for an injunction against the infringement of claims 5 and 6, of patent No. 178,869, and claims 1, 3, and 4, of No. 209,826, and for an accounting.