## BLACK, Administrator *v.* THORNE & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued January 24th, 1884.—Decided March 24th, 1884.

*Damages—Patent.*

Damages must be nominal in an action where the infringement of a patent was established, and it appeared that other methods in common use produced the same results with equal facility and cost, and there was no proof of the exaction of a license fee for the use of the invention, and its general payment.

This was a suit on the equity side of the court for the infringement of two patents, issued to the plaintiffs' intestate, one for an alleged " new and useful improvement for burning tan bark, bagasse, sawdust, and other kinds of fuel, in a wet state, for the purpose of creating heat to generate steam, or to be employed in heating or drying operations;" and the other for a " new and useful improvement in furnaces, in using as fuel bagasse and other carbonaceous substances, too wet to be conveniently burned in the usual way," with a prayer that the defendants may be decreed to account for and pay to the plaintiffs the gains and profits derived from making and using furnaces containing the inventions and improvements of the deceased ; and be enjoined from further infringement.

The defendants contested the validity of the patents, but the court sustained them, and held that the defendants had infringed them by the use of furnaces containing the improvements patented in burning wet tan to generate heat employed in the tanning of hides. It therefore decreed that the plaintiffs recover the profits and gains which the defendants had made from this use of the improvements, and ordered a reference to

a master, to take testimony on the subject and state an account of them. It also granted the injunction prayed, restraining further infringement.

The master took testimony on the subject, and reported that the plaintiffs were entitled to recover from the defendants, as profits made by them from the infringement, the cost or value of the wood, which, but for the use of the patented inventions, they would have burned in generating heat for their tanneries, which amounted to over $44,000. Upon exceptions, this report was set aside, the court holding that the rule adopted to ascertain the profits made was erroneous. *Black* v. *Thorne*, 12 Blatchford, 20. The case was thereupon again sent to the master, and further testimony was produced, upon which he reported that there was no proof before him showing what profits, if any, had been made by the defendants from the use of the plaintiffs' improvements. This report was confirmed, and a decree entered pursuant to it, that no profits were to be recovered of the defendants. From this decree the case was brought here by appeal.

*Mr. Charles N. Black* for appellant.

*Mr. D. B. Eaton* for appellees.

Mr. Justice Field delivered the opinion of the court. After stating the facts in the foregoing language he continued:

The question presented for our determination relates to the correctness of these reports, the plaintiffs contending for the first one, the defendants for the second.

The rule adopted by the master in his first report, to ascertain the profits made by the defendants from the use of the improvements, was clearly wrong. The claims of the patents were confined to the use of the improvements to produce heat by the burning of wet fuel. The object sought was the production of heat. The question, therefore, was what advantage in its production did the use of the improvements in burning wet tan have over other known methods in common use of producing the same result, that is, the same heat. So far as the improvements by burning wet tan gave advantages in pro-

ducing heat over other methods, there was a profit or gain to the defendants. We can suppose that such advantage might arise from the rapidity with which the heat was produced, or from the diminished cost of its production, or in various other ways. The difference between the cost of generating heat by the use of the improvements and wet tan, and the cost of producing it by the use of wood as a fuel, could not be the measure of profit, unless, with those improvements or with other methods, wood was the only means besides wet tan of producing the same heat, and that was not shown. Other substances may have answered equally well as fuel.

On the second hearing before the master it was shown, and he so found and reported, that there were methods and furnaces, other than those of the plaintiffs, and other than those burning dry fuel alone, which would produce the same results in generating heat, for the purposes for which the defendants used the heat, and which methods and furnaces they had a right to use, and that the saving to them, or profits made by them, by the use of the plaintiffs' inventions, over the other furnaces, was not proved. Such being the case, the report could not have been otherwise than as it was.

It does not always follow, that because a party may have made an improvement in a machine and obtained a patent for it, another using the improvement and infringing upon the patentee's rights will be mulcted in more than nominal damages for the infringement. If other methods in common use produce the same results, with equal facility and cost, the use of the patented invention cannot add to the gains of the infringer, or impair the just rewards of the inventor. The inventor may indeed prohibit the use, or exact a license fee for it, and if such license fee has been generally paid, its amount may be taken as the criterion of damage to him when his rights are infringed. In the absence of such criterion, the damages must necessarily be nominal.

*Decree affirmed.*