## FISCHER *v.* HAYES.

*(Circuit Court, S. D. New York.   August 15, 1889.)*

PATENTS FOR INVENTIONS—DAMAGES FOR INFRINGEMENT.

> Where a master reports that the profits of defendant derived from the infringement of plaintiff's patent cannot be computed from the evidence, nominal damages only can be assessed, though it is apparent that there were profits.

In Equity. Application for assessment of damages for infringement of patent.

*Edmund Wetmore,* for plaintiff.

*Livingston Gifford,* for defendant.

WHEELER, J. This cause has now been heard upon the supplemental report of the master as to profits of the defendant from infringement of the plaintiff's patent. The substance of the report, as it now stands, is that from all the evidence before the master the amount of such profits "cannot be computed or determined." Therefore, while that there were some profits is apparent from the report, no definite extent of them attributable to the infringement for which the defendant is chargeable appears. There is no foundation for a decree for the payment of anything beyond merely nominal damages. *Fischer* v. *Hayes*, 22 Fed. Rep. 529; *Garretson* v. *Clark*, 111 U. S. 120, 4 Sup. Ct. Rep. 291; *Black* v. *Thorne*, 111 U. S. 122, 4 Sup. Ct. Rep. 326; *Dobson* v. *Carpet Co.*, 114 U. S. 439, 5 Sup. Ct. Rep. 945. No exceptions are filed to the report, and the only question is as to what is a proper decree upon the facts stated.

Report accepted and confirmed, and decree thereupon ordered for the payment by defendant to the orator of six cents profits as damages, with costs.