· MOSHER *v.* JOYCE *et al.*

(*Circuit Court, S. D. Ohio, W. D.* February 27, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES.

In a suit for infringing a patent, it appeared that complainant's patent was for an improvement only, and not for an entirely new machine. It also appeared that defendants sold another machine similar to the alleged infringement, and that after a while it ceased to be profitable to defendants to manufacture the infringing machine, and they discontinued it. *Held,* that it was necessary for complainant to apportion his damages and defendants' profits between the patented and unpatented features of the infringing machine, and was entitled only to the damages attributable to the infringing features.

In Equity.

*L. M. Hosea,* for complainant.

*Wood & Boyd,* for respondents.

SAGE, J. This cause is before the court on exceptions to the report of special master, who finds that the defendants have realized $1,905.06 profits from the infringement of the improvements patented to the complainant. The only exception which need be considered relates to the rule of profits and damages. The decree of the court finds that the defendants are liable as infringers of two patents for improvements in lifting jacks.

The claim of the first patent (No. 168,663) is for the "block, D, provided with several teeth, that catch simultaneously in those of bar, A, and pivoted to the lever, E, as and for the purpose specified." This is not a claim for the entire jack, but only a small portion of it, to-wit, the lifting block pivoted in a particular manner.

The first claim only of the second patent (No. 172,174) is found to be infringed, and it reads as follows:

"In a lifting jack, the toothed lifting block pivoted to sockets of a double lever, swinging on an oscillating fulcrum, to engage and clear readily the teeth of the lifting bar, as required, substantially for the purpose described."

It was claimed before the master, on behalf of the respondents, that the true rule by which to arrive at complainant's damages is to allow him the profits resulting from the manufacture and sale of the infring-

ing jack over and above other and similar jacks, which he had a right to make, and that the only patented feature of the infringing jack is the block, D, and the lifting pawl hinged to the lever, and that the profits on these parts only are to be paid if any profit is shown.

The contention on behalf of the complainant is that the invention is in fact a complete specific thing, to-wit, an improved lifting jack, and that, therefore, the rule cited by the defendants does not apply here.

Upon examination of the testimony and exhibits, I am satisfied that each of the complainant's patents is for an improvement only, and not for an entirely new machine or contrivance, and that the patentee must show, as was held in *Garretson* v. *Clark*, 111 U. S. 120, 4 Sup. Ct. Rep. 291, in what particulars his improvement has added to the usefulness of the machine or contrivance; and that it was the duty of the complainant to give evidence tending to separate or apportion the defendants' profits and the patentee's damages between the patented feature and the unpatented features, and that the evidence must be reliable and tangible, and not conjectural and speculative.

The testimony taken before the master is that, during the time the defendants were selling the jack which the court found to be an infringement, they sold another jack of the same general construction, in which a pawl lever, with pinion on it, took the place of the lifting block hinged to the lever in the infringing jack, and that this other jack was a track jack, used for the same purpose as the infringing jack; that the infringing jack was gotten up because of the trip device; and that after a while the railroad ordered it left off, because the men did not use it properly, and the orders fell off, and defendants finally quit making it.

It further appears in the evidence that the defendants made a little more profit on the other jack than they did on the infringing jack, and sold a larger number of the other jack.

Upon the authority of *Black* v. *Thorne*, 111 U. S. 124, 4 Sup. Ct. Rep. 326, it is clear that the complainant is not entitled to the entire profits resulting from the manufacture and sale of the infringing jack, but only those attributable to the infringing features.

The burden of proof was upon the complainant, and, as he has not offered any evidence tending to show that there was any such profit, the exceptions must be sustained, and a decree entered against the defendants for nominal damages only.