MOSHER v. JOYCE et al.

(Circuit Court of Appeals, Sixth Circuit. July 28, 1892.)

No. 9.

1. PATENTS FOR INVENTIONS—IMPROVEMENTS—LIFTING JACKS.

Letters patents Nos. 168.663 and 172,471, issued to Samuel E. Mosher, October 11, 1875, and January 18, 1876, respectively, for lever lifting jacks, are for improvements only, and not for an entirely new machine or jack.

2. SAME—INFRINGEMENT—REFERENCE TO TAKE ACCOUNT—SEGREGATION OF PROFITS.

In a suit for infringement of a patent for a lifting jack, the court decreed that complainant recover the profits made "from said infringement by the manufacture, use, or sale of the improvements described" in the patent, and referred the cause to a master to take proof, and report the profits made from the manufacture, use, or sale "of said improvements or from said infringement." No proof was given before the order of reference was made, showing that the patented feature gave the infringing machine its entire commercial value. Held, that the order did not, and could not properly, direct the finding of profits on the entire machine, and defendants having claimed, at the commencement of the hearing before the master, that they were liable only for the profits realized from the infringing feature, the burden was on complainant to show either that such feature gave the machine its entire commercial value, or else to segregate the profits made on that feature from the profits on the machine as a whole. 45 Fed. Rep. 205, affirmed.

3. SAME—MASTER'S REPORT—RECOMMITTAL.

Complainant, claiming that the entire commercial value of the infringing machine was due to the patented improvement, offered no evidence to segregate the profits on that feature alone, and the master reported the profits on the whole machine. The court, on exceptions to the report, held that the entire commercial value was not due to the patented feature, and thereupon complainant moved to recommit the report for evidence of separate profits. Held, that it was a proper exercise of discretion for the court to refuse the motion, as complainant, with full notice of defendants' claim, had chosen to rely entirely on his own theory of the case.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

In Equity. Bill by Samuel E. Mosher against Jacob O. Joyce and others for infringement of a patent. The patent was sustained, infringement declared, and a reference for an accounting ordered. 31 Fed. Rep. 557. Subsequently the cause was heard on exceptions by defendants to the master's report, which exceptions were sustained, and a decree entered for nominal damages. 45 Fed. Rep. 205. Complainant appeals. Affirmed.

Statement by JACKSON, Circuit Judge:

In 1883 the appellant brought suit against the appellees for the infringement of letters patent Nos. 168,663 and 172,471, granted to him October 11, 1875, and January 18, 1876, respectively, for certain new and useful improvements in lifting jacks. After the issues were made up and the proofs taken the cause came on for hearing in 1887, when the circuit court sustained the patents, adjudged that respondents' jack, No. 29, embodied and infringed the patented improvements, and decreed "that the complainant recover of the defendants the profits which they have received or made, or which have accrued to them, from said infringement by the manufacture, use, or sale of the improvements described, and secured by said letters patent, at any and all times since the

18th day of January, 1876, and also the damages which the complainant has sustained thereby." And, as it did not appear what said profits and damages were, it was further ordered and decreed that the cause be referred to a special master, "to take proof and report to the court an account of the profits which the defendants have received, or which have arisen or accrued to them, from the manufacture, use, or sale of said improvements, or from said infringement, and to ascertain and report the damages which the complainant has sustained thereby since January 18, 1876, from the papers and evidence in the cause, and from any evidence which either party may produce before him of the same." Upon the execution of this reference neither party introduced before the special master any evidence as to the profits made or realized by defendants from the manufacture, use, or sale of the patented improvement, nor as to the damages which complainant had sustained by reason of the infringement. The master took proof as to the profits defendants had made from the manufacture and sale of the entire jacks embodying the patented improvements, and reported such profits upon the whole machines at the sum of $1,905.06. He found and reported that defendants had manufactured and sold 301 jacks embodying the patented inventions, for which they received the aggregate or gross sum of $3,956.86. From this he deducted the cost of manufacturing and materials, and found a net profit of $1,905.06, which he reported as due to complainant from defendants, "on account of damages from infringement adjudged in this case." The master's findings and report were founded upon the theory that complainant was entitled to the entire profits made by defendants upon the whole machines, or the entire jacks manufactured and sold by them, and that the amount of such net profits was the measure of complainant's damages for the infringement of the patented improvement. After his report was filed the defendants moved the court to refer the account back to the master, which motion was overruled and denied. Thereupon the defendants filed exceptions to the report. The main grounds of exception were that there was no evidence produced before the master or found in the cause that the patented improvement or device had any market value, or that defendants had derived any profit by the use thereof, or that complainant had sustained any damage from the infringement, and, further, that there was no evidence to show what value or profit on the jacks manufactured and sold by defendants was due to, or had accrued from, the use of the patented improvement, or that they had realized or derived any profits therefrom, and that the master erred in awarding complainant the whole net profits upon the entire machines. The defendants, in the opening of the reference before the master, claimed that only such profits as resulted from the use of the patented improvements could be allowed the complainant; that the burden of showing what such profits were rested upon the complainant, inasmuch as defendants had the right to make and sell jacks, and all parts thereof, not covered by complainant's patent, and that complainant's profits or damages should be confined or limited to such as were shown to have resulted from the manufacture and sale of the infringing jacks, over and

above other and similar jacks which they had the right to make and sell. The complainant's claim and contention was that the improvement covered by his invention and patents made, in effect, an entirely new machine,—an improved lifting jack,—so different in operation from lifting jacks previously in use, and so much more efficient, that the doctrine of the apportionment of profits could not properly be applied, and that he should be allowed the entire profits on all jacks embodying his improvement.

The court below held that complainant's patents were for improvements only, and not for an entirely new machine or lifting jack; that it was the duty of complainant to give evidence separating or apportioning the defendants' profits and his damages between the patented feature and the unpatented features of the jacks made and sold, as held in *Garretson* v. *Clark*, 111 U. S. 120, 4 Sup. Ct. Rep. 291, and *Black* v. *Thorne*, 111 U. S. 124, 4 Sup. Ct. Rep. 326; and that, complainant having failed to show either profits or damages that were attributable to the use of the improvements infringed, he was entitled to only nominal damages. The respondents' exceptions to the master's report were accordingly sustained, and the complainant was decreed nominal damages and taxed with the costs of the reference. The complainant moved for a modification of the court's rulings, and for a recommittal of the cause to the master to take additional testimony, which motions were denied.

From the decree of the court below awarding him only nominal damages, assessed at the sum of six cents, the complainant has appealed to this court, and has assigned various errors as grounds of reversal. These assignments need not be severally noticed or considered in detail. The principal ones relied on relate to the ruling of the lower court upon the character and scope of the invention and the rule of apportionment applied as to the profits. It is also claimed that the interlocutory decree of reference directed the master to find and report the profits made by defendants on the entire jack, which infringed the patented improvement; that the court erred in decreeing nominal damages for want of testimony apportioning the same; and that the cause should have been referred back to the master to take proper testimony on which to make such apportionment.

*L. M. Hosea*, for appellant.

*Edmond E. Wood*, (*Wood & Boyd*, of counsel,) for appellees.

Before BROWN, Circuit Justice, and JACKSON and TAFT, Circuit Judges.

JACKSON, Circuit Judge. There was no error in the holding of the circuit court that complainant's invention and patents were for improvements only, and not for an entirely new machine or lifting jack. The patented improvement made jacks on which it was used more efficient, but did not operate to make an entirely new machine, nor did it supersede all other jacks.

We are clearly of the opinion that the order of reference did not direct the master to find and report the profits made by defendants on the entire jack manufactured and sold by them. In the absence of proof

showing that the defendants' infringing jack derived its whole commercial value from the use of the patented improvement, the court could not properly have made such an order of reference as appellant claims was made. This is settled by *Littlefield* v. *Perry*, 21 Wall. 205, 228, 229. The reference was ordered in substantial conformity with that in *Dobson* v. *Dornan*, 118 U. S. 15, 16, 6 Sup. Ct. Rep. 946, and directed an account of the profits from the infringement. But, if that were not so, still, upon the coming in of the report, the court upon the final hearing had full authority to vary or depart from the interlocutory decree on the question of profits.

There is nothing in the record to show that the court below erred in refusing to recommit the cause to the master for the purpose of taking testimony upon which to make an apportionment of the profits. It was claimed by respondents, pending the reference, that complainant could only be allowed the profits which defendants have realized as the result or consequence of the wrongful use of the patented improvement. This involved the apportionment of the profits. The complainant, being thus informed of what the defendants would contend for, cannot well claim that he has been taken by surprise. No accident, inadvertence, or mistake is shown as a ground for the recommittal of the cause. The complainant, after notice of defendants' position and claim, neglected and omitted to introduce any testimony on the point. Nor is his motion to refer the account back to the master supported by any affidavit or showing that he can hereafter produce testimony that will enable either the master or the court to ascertain the profits attributable to his patented improvement. In respect to such matters as the recommittal of accounts or reference back to a master, the chancellor exercises a very large discretion, and is not to be put in error in his action upon such motions, except upon very clear showing of merits and in the absence of negligence. Where litigants have an opportunity of presenting their case fully, and elect to proceed on a certain theory as to their rights, which is subsequently not sustained, and then move to reopen the cause for proof upon another theory, some good showing should be presented to support such motion. No special circumstances are disclosed in the present case, which satisfy us that the court below erred in refusing to refer the cause back to the master for proof on the apportionment of the profits.

The remaining and principal question presented by the appeal relates to the proper measure of profits which complainant was entitled to recover. Did the circuit court err in confining and limiting his profits to such as resulted from or were attributable to his patented improvement, and, in the absence of proof on that subject, awarding only nominal damages, or was complainant entitled to the entire profits on all the jacks manufactured and sold by defendants, which embodied his invention? The rule for the determination of this question is well settled by the supreme court. It is so clearly stated in *Garretson* v. *Clark*, 111 U. S. 120, 121, 4 Sup. Ct. Rep. 291, as to render any discussion of or reference to earlier authorities on the subject unnecessary. In that case

the court say that "when a patent is for an improvement, and not for an entirely new machine or contrivance, the patentee must show in what particulars his improvement has added to the usefulness of the machine or contrivance. He must separate its results distinctly from those of the other parts, so that the benefits derived from it may be distinctly seen and appreciated. The rule on this head is aptly stated by Mr. Justice BLATCHFORD in the court below. 'The patentee,' he says, 'must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative; or he must show, by equally reliable and satisfactory evidence, that the profits and damages are to be calculated on the whole machine, for the reason that the entire value of the whole machine, as a marketable article, is properly and legally attributable to the patented feature.'"

The rule thus laid down is reaffirmed in *Dobson* v. *Carpet Co.,* 114 U. S. 444, 445, 5 Sup. Ct. Rep. 945, and later decisions. Has complainant complied with either branch of the rule, so as to entitle himself to anything more than nominal damages? It is clearly shown, and not disputed, that he made no effort and produced no evidence, either before or after the reference, "tending to separate or apportion the defendants' profits and the patentee's damages between the patented features and the unpatented features" of the infringing jacks. His claim below and his contention here is that his case falls within the second branch of the rule announced, in that his profits and damages should be calculated on the whole machine, for the reason that the entire value of the whole infringing machine as a marketable article was properly and legally attributable to the patented improvement. If he has established this by reliable and satisfactory evidence, his case falls within the exception recognized and applied in *Manufacturing Co.* v. *Cowing,* 105 U. S. 253; *Root* v. *Railway Co.,* Id. 189; *Hurlbut* v. *Schillinger,* 130 U. S. 456, 471, 472, 9 Sup. Ct. Rep. 584; and *Crosby, etc., Valve Co.* v. *Consolidated Safety Valve Co.,* 141 U. S. 454, 12 Sup. Ct. Rep. 49,—where the patentee was given the entire profits, because it was shown that the infringing machine or device had derived its entire commercial value from the patented feature or improvement. Thus, in *Hurlbut* v. *Schillinger,* 130 U. S. 456, 9 Sup. Ct. Rep. 584, which appellant relies on, it is said by the court: "It clearly appears that the defendant's concrete flagging derived its entire value from the use of the plaintiff's invention, and that if it had not been laid in that way it would not have been laid at all." So in *Crosby, etc., Valve Co.* v. *Consolidated Safety Valve Co.,* 141 U. S. 454, 12 Sup. Ct. Rep. 49, it was established by the patentee to the satisfaction of the court that the whole commercial value of the infringing article was derived from the use of the patented feature, and for that reason the court awarded the entire profits. Has complainant brought his case within the rule established by these authorities? We are clearly of the opinion that he has not. He has wholly failed to show, as the burden rested upon him to establish, that the commercial value of the infringing jack made and sold by defendants

was derived from the use of the patented feature. On the contrary, the proof on this subject, so far as there is any relating to the matter, tends strongly in the other direction. Having failed to prove by reliable and tangible evidence that the entire value of the infringing jack, as a marketable article, was properly and legally attributable to his patented feature, the court cannot indulge in conjecture or speculation in order to give him the entire profits made by the defendants. It was open to complainant to show that defendants had received an increased price for their infringing jacks, which was fairly attributable to his patented improvement, or that the infringing jacks derived their entire value, as marketable articles, from his invention. He has failed to do either, and we are clearly of the opinion that the decree below was therefore correct, and should be affirmed, with costs of appeal, and it is accordingly so ordered and adjudged.