ROSE v. HIRSH et al.

(Circuit Court, E. D. Pennsylvania. December 21, 1898.)

No. 58.

1. PATENTS—INFRINGEMENT—ELEMENTS OF DAMAGES AND PROFITS.

A defendant, adjudged to have used as a component part of his finished product an article which infringes plaintiff's patent, must account for any profit or advantage gained by his wrongdoing; and, while the measure of such recovery is usually the enhanced price received for his product, such measure is not exclusive; and, where it is shown that he lessened the cost of his product by the use of the infringing instead of the patented article, the difference may properly be considered as a gain for which he should account.

2. SAME—EVIDENCE TO SUPPORT DECREE FOR PROFITS.

A decree for profits against an infringer cannot be given unless the evidence discloses the existence of profits, and affords a basis for determining the amount thereof.

This was a suit in equity by John Rose against Henry Hirsh and others for infringement of a patent. Heard on exceptions to report of master as to damages and profits.

Henry E. Everding, for complainant.
Strawbridge & Taylor, for respondents.

DALLAS, Circuit Judge. This case is before the court on exceptions to the report of the master, to whom it had been referred to ascertain and state an account of the gains, profits, and advantages which had accrued to the defendants from their infringement of the complainant's rights under the first claim of letters patent of the United States No. 504,944, as well as the damages sustained by the complainant by reason of the said infringement. The claim above referred to is as follows:

"(1) A tubular metal stick for umbrellas or parasols, said stick being drawn down near one end so that the tubular end portion of the stick is reduced in diameter and increased in thickness as compared with the body of the stick, substantially as specified."

The master found and reported that the evidence before him would not warrant the award of any substantial amount, and accordingly recommended a decree for nominal damages only. The plaintiff has filed seven exceptions. Of these, the fifth and sixth relate to the refusal of the master to find in accordance with a proposition which is stated upon the brief of the complainant as follows: "That the complainant has been damaged to a certain sum of money, which can be estimated readily by ascertaining what he would have received from the defendants for each gross of rods which they purchased from Riehl and others, had those rods been purchased of complainant." In other words, the complaint made by the fifth and sixth exception is that the master should, upon the basis indicated, have assessed damages to the plaintiff, irrespective of the question, presently to be considered, respecting the profit alleged to have accrued to the defendants by reason of their use of the infringing article. These two exceptions are, in my opinion, not well taken.

The report satisfactorily deals with their subject, and does not stand in need of amplification or support. The seventh exception is general, and. does not call for particular consideration.

Upon complainant's brief, the substance of the three remaining exceptions is reduced to a single proposition, as follows: "That the defendants, by the purchase from Riehl and others of the infringing article, have saved a certain amount of money over and above the price which they had previously paid to the complainant." The point thus presented raises two questions: (1) Is the proposed measure or criterion for ascertainment of profits by the defendants an admissible one? (2) If it be an admissible one, can it, under the evidence, be applied to this case?

1. The defendants have been adjudged to be wrongdoers, and the law requires that any profit, if any, which they have made, not in their business generally, but by reason of their wrongdoing, shall be accounted for and paid over to the plaintiff. Therefore, whatever advantage, if any, these defendants have derived from their use of the patented article, they should be compelled to pay over to the plaintiff, no matter in what way that advantage may have been attained. Generally, the profit derived by a defendant from his incorporation of an infringing article in his ultimate product is to be measured by the excess in price which he has received for that product by reason of his wrongful inclusion therein of the patented thing. But this measure is not exclusive of all others. If there has been a profit in fact, and that profit can be shown in any. legitimate mode, the plaintiff is entitled to recover it; and it seems to me that it would be quite as legitimate to establish the existence of profit in this case by showing that the defendants, by using the infringing "stick," had cheapened the cost of their umbrellas, as by showing that, by such use, they had enhanced their price.

2. The plaintiff has, however, failed to adduce evidence from which a finding of profits, upon any theory, could be founded. His contention is "that the defendants, by the purchase from Riehl and others of the infringing article, have saved a certain amount of money over and above the price which they had previously paid to the complainant." But they have not shown any "certain amount" as being the difference in the price paid by defendants for the infringing article and a price which they otherwise would have been required to pay to the complainant for the genuine article. There is no proof of the prices at which the plaintiff sold the patented article during the period of the purchase by defendants of the infringing article; and the evidence clearly shows that, at that time, "sticks" which did not embody the invention, as well as those, genuine or infringing, which did embody it, were all upon the market, and were sold in competition and at inconstant and varying prices. The plaintiff himself testified that he was compelled to sell his patented rods at varying and reduced prices, because of "competition by other makers," for which the defendants were not responsible; and, upon being asked whether he had not himself sold to the defendants tubes not embodying the invention at the same prices as those at which he sold the patented article, he refused to answer.

Now, if the plaintiff sold his patented sticks at the same price at which he sold unpatented sticks, it is difficult to understand how the defendants could have realized any saving by buying infringing sticks in the open market; but it appears from the evidence that the defendants generally purchased the unpatented sticks at a less price than that which they paid for the infringing articles, although they sold their umbrellas at the same price whether they embodied the one class of sticks or the other; and, this being so, it is inconceivable that by buying the infringing, instead of the genuine, article, they actually reaped an advantage. Therefore a finding that the defendants had saved anything by using the infringing rods could not have been rested upon any assured basis, and, of course, a finding of any "certain amount" of savings was absolutely impossible. The law is solicitous that wrongdoers shall not profit by wrongdoing, but it does not sanction the substitution of unfounded conjecture for proof in determining either the fact of the existence of profit or the amount thereof. The exceptions are dismissed, the report of the master is confirmed, and the decree recommended by him will be entered as the decree of the court.