## MINERALS SEPARATION, Limited, et al. v. BUTTE & SUPERIOR MINING CO.

(District Court, D. Montana. August 12, 1921.)

No. 8.

Patents ⟨key⟩318(3)—Standard for determining profits of infringer of process patent.

The standard of comparison by which is measured the profits for which an infringer of a process patent is accountable is the gain he made by use of the patented process, rather than any other which was open to the public and which he might have used, and his choice is not limited to the processes known at the date of the patent or when infringement commenced, but he was free to choose at any time during its continuance, and the best process, known and free, which he might then have used, furnishes the standard for subsequent infringement.

In Equity. Suit by the Minerals Separation, Limited, and others against the Butte & Superior Mining Company. On motion to determine standard of comparison for guidance of master in accounting. Granted.

See, also, 245 Fed. 577; 250 U. S. 336, 39 Sup. Ct. 496, 63 L. Ed. 1019.

Henry D. Williams, Lindley M. Garrison, and Wm. H. Kenyon, all of New York City, Odell W. McConnell, of Helena, Mont., and J. L. Templeman, of Butte, Mont., for plaintiffs.

J. Edgar Bull and John F. Neary, both of New York City, Thomas F. Sheridan, of Chicago, Ill., J. Bruce Kremer, of Butte, Mont., and R. W. Perkins, of New York City, for defendant.

BOURQUIN, District Judge. Plaintiffs' patent valid, and defendant having infringed it (250 U. S. 336, 39 Sup. Ct. 496, 63 L. Ed. 1019), the suit is in the final stage, and has been referred to a master to take and state an account. Therein plaintiffs move the court to determine a standard of comparison for the guidance of the master. The standard they contend for is processes known (1) at the date of patent; or (2) at the date infringement began.

Defendant resists specific and particular instructions to the master as calculated to embarrass the proceedings by vague determinations in respect to evidence before tendered, and maintains the proper standard is processes known at any time so far as subsequent infringement is concerned. The issue of relativity in time of standard and infringement has been exhaustively argued and briefed and, some time to be decided, better be decided now. There is no controlling decision in this circuit, the issue not having been expressly raised and determined in either Supreme Court or Circuit Court of Appeals. In several cases the Supreme Court's language is that the infringer accounts for—

"the fruits of the advantage which he derived from the use of that invention, over what he would have had in using other means then open to the public and adequate to enable him to obtain an equally beneficial result."

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

See Coupe v. Royer, 155 U. S. 583, 15 Sup. Ct. 199, 39 L. Ed. 263.

In McCreary v. Canal Co., 141 U. S. 466, 12 Sup. Ct. 40, 35 L. Ed. 817, it cites, without approval or disapproval, Mr. Justice Harlan's ruling in Turrill's Case (C. C.) 20 Fed. 912, that the standard is only that known at date of the invention infringed. Likewise does the Circuit Court of Appeals, in respect to a like statement in Walker on Patents. Fullerton, etc., Ass'n v. Mfg. Co., 166 Fed. 453, 92 C. C. A. 295. To review these and other cases would interest more than enlighten, for in the end the motion is decided by principle.

The rule of comparison is settled law, and contemplates that the infringer had a choice of processes, chose that of the patent, and gained an advantage over what would have been his had he chosen otherwise. Obviously his choice is made from processes existing at the time of choice; that is, at the time of infringement, from day to day, and as alternative presents itself. He is not limited in fact to the process of the patent and processes existing only at the date of the patent, and the principle of standards does not require nor sanction that he be so limited in theory. For the advantage he actually gains, and which as profits or savings he must render to the patentee, is only that of the invention over other processes he might have chosen in lieu of the invention and did not.

What the infringer thus gains is also what the patentee is presumed to thus lose, so far as accounting for profits is concerned, and equity is done when all such gains are taken from the infringer and given to the patentee; for thus the former loses nothing, he is not penalized, the latter is made whole, and he is not given gratuities nor rewarded beyond his present deserts, as otherwise would be the case. And it seems fairly clear that this is the import of the quoted language of the Supreme Court. The event to which the court refers is the infringement, and the time to which it refers is "then"—at that time, the time of the antecedent event. The Circuit Court of Appeals of the Seventh Circuit has likewise determined in Columbia, etc., Co. v. Kokomo Steel & Wire Co., 194 Fed. 108, 114 C. C. A. 186, and Judge Rellstab, of the Third circuit, likewise in American, etc., Co. v. Snyder (D. C.) 241 Fed. 274. To their collation of cases, and to their comment, little can be added.

In so far as the motion seeks a general and not a particular determination, it is granted. The standard of comparison that will govern the master is any standard (having in mind the distinction between processes and standard) that is duly made to appear, in respect to subsequent infringement.