## ONEAL v. SAN JOSE CANNING CO.

Circuit Court of Appeals, Ninth Circuit.
July 15, 1929.

No. 5714.

Clarence A. Linn, of San Francisco, Cal., for appellant.

R. M. J. Armstrong and A. Schapp, both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal by the plaintiff from a decree in his favor for damages or profits for infringement of letters patent. A description of the patented device will be found in the opinion of this court on the former appeal. San Jose Canning Co. v. Oneal, 10 F.(2d) 100.

For the packing season of 1922, which began about July 1, the appellee paid to the appellant a royalty of $500 for the privilege of using the patented device in question. In July of that year an employee of the appellee made a device to facilitate the packing of beans by hand. The device consisted of a block of wood about four inches long and three inches wide, with upturned pieces of iron at either end, forming projecting arms, within which a bunch of string beans could be placed on the block until trimmed with a knife. The projecting arms gauged the quantity of beans to be packed in the can and held them in place until the ends were trimmed off. At that time some half dozen cans were packed in this manner, as an experiment only, and no further use was made of the device until 1925. During the packing seasons of 1923 and 1924 the appellee refused to pay the royalties demanded by the appellant and packed beans by the use of the mold which on the former appeal was declared an infringement. In 1925 and 1926 the appellee used the device discarded in 1922, with a slight modification. The block was made longer, permitting the ends of the beans to rest on the block, so that they could be trimmed off with greater facility when the knives were dull. The special master adopted this device as a standard of comparison for the purpose of estimating profits, and the correctness of his ruling is the only question presented by the appeal.

"General and somewhat variant judicial expressions of what is necessary to constitute a standard for comparison on the question of profits are rather numerous, the following being typical: 'Then open to the public,' Mowry v. Whitney (14 Wall.) 81 U. S. 620, 20 L. Ed. 860; 'in common use,' Black v. Thorne, 111 U. S. 122, 4 S. Ct. 326, 28 L. Ed. 372; 'known and in general use anterior to date of the patent,' Sessions v. Romadka, 145 U. S. 29, 12 S. Ct. 799, 36 L. Ed. 609; 'common and unrestricted use,' Locomotive Safety Truck Co. v. P. R. Co. (C. C.) 2 F. 677; 'free to everybody,' National Car-Brake Shoe Co. v. Terre-Haute Car & Mfg. Co. (C. C.) 19 F. 514; 'open to the defendants,' Wales v. Waterbury Mfg. Co., 41 C. C. A. 250, 101 F. 126; 'known prior to complainant's invention,' Fullerton Walnut Growers' Ass'n v. Anderson-Barngrover Mfg. Co., 92 C. C. A. 295, 166 F. 443; 'gone into public use,' Novelty Glass Mfg. Co. v. Brookfield, 95 C. C. A. 516, 170 F. 946; 'open to the world,' Cambria Iron Co. v. Carnegie Steel Co., 140 C. C. A. 437, 224 F. 947." American Pneumatic Service Co. v. Snyder (D. C.) 241 F. 274, 275.

"Where unlawful using of a patented article or process constitutes the infringement involved in an action in equity, the infringer's profits are ascertained by a rule quite different from either of the foregoing. That rule, in its generic character, may be formulated as follows: The advantage which the defendant derived from using the complainant's invention, over what he could have derived from using any other process or thing, which was known prior to that invention, constitutes the profits which the complainant is entitled to recover. * * *

"The true standard of comparison in a particular case is that prior process or thing which, next to the complainant's invention, could have been most advantageously used by the defendant in place of that invention, at the time he used the latter." Walker on Patents (5th Ed.) §§ 725, 734.

Under these authorities it would seem that any article or device known to the infringer and available to him for use during the period of infringement may be adopted as a standard of comparison. Brown v. Lanyon Zinc Co. (C. C. A.) 179 F. 309; Fullerton W. G. Ass'n v. Anderson-Barngrover Mfg. Co. (C. C. A.) 166 F. 443. The device adopted by the special master was known to the appellee, and its use was available to it during the period of infringement. It used the same device in 1925 and 1926, with a minor change, and could have used it with the same results during 1923 and 1924, if necessary. The profits which the appellant was entitled to recover was, therefore, the difference between the cost of canning by the use of this device and the cost of canning by use of the infringing mold.

Such was the ruling of the special master, approved by the District Court, and the decree is therefore affirmed.