## MOFFITT *v.* CAVANAGH.[1]

### EMERY and others *v.* SAME.

*(Circuit Court, S. D. New York. May 8, 1886.)*

1. PATENTS FOR INVENTIONS—DAMAGES FOR INFRINGEMENT—LICENSE FEE.
   On the accounting, in a suit for infringement of two patents, complainant relied upon a license under three patents, one of these being one of the patents infringed, a proper deduction to be made on account of the non-use of the other two; but, as only two out of the six claims of the patent infringed were held valid, and those claims were unimportant, *held* only nominal damages could be allowed.

2. SAME.
   Where a license offered in evidence to establish the measure of damages for infringement was based upon two patents, one of which was the patent infringed, and the other had been declared void, and there was no important evidence as to the value of the use of the valid patent, *held*, that only nominal damages could be allowed.

In Equity.
*William A. Macleod*, for complainants.
*Lucien Birdseye* and *William S. Lewis*, for defendant.

SHIPMAN, J. These are exceptions by the respective complainants to the master's reports in which he found nominal damages only in each of the above-entitled causes. The Moffitt suit was for infringement of patents No. 178,869 and No. 209,826. The Emery suit was for infringement of patent No. 147,288, granted to Simonds and Emery, February 10, 1874. All these patents related to machines for making heel counters or stiffeners for boots and shoes. The facts upon which the reference to the master was decreed are given in the opinions of the court in 17 Fed. Rep. 336, and Id. 242.

Moffitt licensed Cavanagh to use two machines containing the improvements described in letters patent reissue No. 6,162, No. 159,-702, and No. 178,869; the licensee paying three mills for each pair

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

of counters made upon said machines and sold. The complainants relied entirely upon this license fee, and the proper deduction to be made therefrom, as the rule or basis for an ascertainment of damages.

. No. 178,869, known as the double process patent, contained six claims. The alleged invention consisted mainly in a double process for making a counter from a blank; the first consisting in shaping it by means of a former moving upon an axis, and suitable means for holding the blank up to the former, the machine for performing this part of the process having been patented to Moffitt by reissue 6,162; and the second process consisting in moulding the counter so formed over a male mould of the desired form. The first part bent the blank to a "clam-shell" form, and the second turned the "clam shell" into a completely moulded counter. The machinery by which the second part was performed was covered by the first and fourth claims of the Simonds and Emery patent, which Moffitt was licensed to use, and which he, in fact, permitted Cavanagh to use when he granted the license hereinbefore mentioned. After this license was granted, Moffitt, voluntarily and without compensation, put into the machines the improvements described in No. 209,826. The court found that claims 5 and 6 only of No. 178,869, and which covered unimportant parts of the machine, were valid, and that claims 1, 3, and 4, of No. 209,826 were valid. Reissue 6,162 has been held by the supreme court to be void. *Moffitt v. Rogers*, 106 U. S. 423; S. C. 1 Sup. Ct. Rep. 70. No. 159,702 is admitted to have been of no pecuniary importance.

It will thus be seen that, of the three patents which Cavanagh was licensed to use, one is void, the second is immaterial, and only two unimportant claims of the third are valid. Moffitt says in reply that, although No. 6,162 is void, yet that No. 209,826 was a valid substitute therefor, and that by means of this substitute Cavanagh had the benefit of the machine which he was licensed to use. It is unnecessary to consider any legal objection to this proposition, for it is not supported by the facts. No. 6,162, as will be seen by the decision in *Moffitt v. Rogers*, was a broad patent, and, if it had been sustained, covered a valuable invention, while No. 209,826 is a very narrow patent, and was only sustained upon a technicality. There was no evidence before the master, and, in my opinion, no evidence could have been produced, which would justify a finding of anything more than nominal damages for an infringement of so much of the valid Moffitt patents as were used by Cavanagh.

In the Emery suit the complainants say that the master erred in his finding of nominal damages only, because "the facts before him were sufficient to warrant a computation of damages upon the principle of an established fee. Although the double process claim of the 1876 patent named in the license was held void, Cavanagh continued to enjoy practically the benefits of that claim by virtue of the

presence in the machines of the Simonds and Emery device of the divided mould, without which the said process could not be worked out, which Simonds and Emery device the complainant had acquired from Simonds and Emery the right to put in the machines, and which device the court decided to be validly claimed in the Simonds and Emery patent.    Therefore, whatever valuation, under the license agreement between Moffitt and Cavanagh, belonged to the double process claim of the 1876 patent, and would have been a proper measure of damage under that claim, if it had been held valid, is to be taken as the proper measure of damage for the subsequent unlicensed use of the Simonds and Emery divided mould, the use of which in the machine was the use of the process to all practical intents and purposes." A sufficient answer to this exception is that Cavanagh's license fee was based upon the use of the double process, which consisted in the use of No. 6,162 and No. 147,288, and that the use of the Simonds and Emery mould alone was not practically the use of the double process. There was no testimony which could justify a finding of how much the use of one machine only was worth.    Simonds' testimony upon this point I do not regard as valuable.

It is unimportant to consider the exceptions in the Moffitt case in regard to the number of counters which Cavanagh made, because, whatever the number, the finding of nominal damages must be the same.

The exceptions in both cases are overruled, and the master's reports are confirmed.    The final decree in the Moffitt case should be without costs.