BELL and others *v.* UNITED STATES STAMPING Co.

(*Circuit Court, S. D. New York.*  September 3, 1887.)

1. PATENTS FOR INVENTIONS—BAKE PANS—NOVELTY—ANTICIPATION.
     In letters patent No. 140,619, of July 8, 1873, to John B. Firth, for an improvement in bake-pans, the improvement is the uniting of a cluster of such pans to a plate, having an aperture for each pan, by a double-seam joint formed from the rim of the cup turned outward, and the edge of the plate about the aperture turned upward, on the upper side of the plate  *Held,* the double seam joint, being peculiarly adapted to usefulness for the purposes intended by the patent, was, although not a new thing, new in this place, and that a wash-boiler having a bottom with two or four pits joined in the same manner was not so similar as to defeat the patent, under the principles laid down in *Railroad Co.* v. *Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220.

2. EQUITY—MASTER IN CHANCERY—TESTIMONY BEFORE.
     Rules of practice in equity. No. 80, provides that "all affidavits. depositions, and documents, which have been previously made, read, or used in the court, upon any proceeding in any cause or matter, may be used before the master."  *Held,* that testimony taken by the examiner for the hearing in chief, under a decree against an infringer for an accounting. which was not brought before the master in making up the case on the accounting so that it could be answered or explained on the other side, but was merely referred to in argument, and requests for findings upon the case made, was not within rule 80, and an exception to the master's report for failing to find upon the point made by this testimony should be overruled.

3. PATENTS FOR INVENTIONS—INFRINGEMENT—ACCOUNTING—"PROFITS."
     On an accounting there was testimony tending to show that the patented article could be made much cheaper than those in use before; but it was not shown that the infringing defendant was under any obligation to make the old articles if the patented ones had not been made, or would have done so, nor was there anything else from which it was made to appear that the saving was a profit because it diminished a loss.  *Held,* that the amount so saved was not "profits" for which the infringer was accountable to the patentee.

4. SAME.
     The fact that the defendant sold to persons, not customers of the licensee, infringing articles, does not by itself raise a presumption that such sales were lost to the licensee; and where the license is exclusive, and the licensee has fixed no market price, and he is not a party to the accounting, there can be no recovery by the patentee for such sales.

**5. SAME.**
  The power vested in the court by Rev. St. U. S. §§ 4919, 4921, with respect to the increase of an award of damages to a patentee for infringement, is not to be understood as authorizing an award of damages without satisfactory proof.

In Equity. On exceptions to master's report.
*George H. Fletcher*, for orators.
*Frederic H. Betts*, for defendants.

WHEELER, J. An interlocutory decree for an account of profits and damages on infringement of the plaintiffs' patent was before entered herein. 19 Fed. Rep. 312. The cause has now been heard on exceptions to the master's report. The question of the propriety of the interlocutory decree is still open, and has been argued, on notice to the opposite party, and by leave of court. *Spill* v. *Celluloid Co.*, 21 Fed. Rep. 631. This patent is for a cluster of bake-pans, the pits of which are joined to the plate by a double-seam joint peculiarly adapted to usefulness for that purpose. Pits in the bottom of a wash-boiler, joined in the same manner, are relied upon to defeat the patent, in view of the decision in *Railroad Co.* v. *Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220, made since the interlocutory decree in this case was made. The bottom of the wash-boiler with its pits does not, however, upon much further consideration of the subject, appear to be so similar to this cluster of bake-pans as to defeat this patent under the principles of that decision. The question is not very clear, but the same conclusion remains as before.

There was some testimony taken by the examiner for the hearing in chief which tended to show that these bake-pans could be made much cheaper than those in use before. The master was requested to find from this the saving to the defendants in the manufacture of the infringing pans, and to report the amount as profits, which has not been done. The orators had granted an exclusive license for a certain royalty. The evidence before the master showed that the defendant had sold infringing pans to the customers of the licensee which he would have supplied but for the infringement, and that they had sold to others infringing pans which the proof did not show that the licensee would have supplied. The master has reported the amount of the loss to the orators for not receiving the royalty on the pans sold to the customers of the licensee as damages on account of the infringement, and not reported anything as damages on account of the other sales. The principal exceptions of the plaintiffs relate to these failures of the master to make report of these profits and damages. Those of the defendant are not relied upon.

The testimony on which the exception in relation to profits from saving in cost of manufacture is founded does not appear to have been brought before the master in making up the case on the accounting, so that it could be answered or explained on the other side, but to have been referred to in argument and requests for finding upon the case made. Equity rule 80 provides that such testimony may be used be-

fore the master. This is understood to mean that it may be brought before him without being retaken, by calling his attention to the parts relied upon in making up the case, when the opposite side may have opportunity to know what part is so brought into that hearing and relied upon. The master, therefore, had no basis for doing what this exception is for not doing. With this testimony before the master, the finding would still be that, notwithstanding the saving, there were no actual profits to the defendant. It does not appear that the defendant was under any obligation to make other pans if these had not been made, or would have done so, nor is there anything else from which it is made to appear that this saving was a profit because it diminished a loss. There is no ground, as the case is understood, for sustaining this exception.

The questions raised by the exceptions as to damages are affected by the situation of the orators as licensors of their whole right, and the fact that their licensee is not in any way a party to this suit. The royalty paid and agreed to be paid to them by their licensee is not a price at which those who might wish to practice the invention could obtain the right to do so. The orator had parted with the right to fix any such price before the infringement complained of. Their right would all be satisfied when the amount of their royalties was received. Their exclusive licensee only could establish such a price, and it does not appear that any was established by him. Therefore there was no established royalty by contract that would be a market price or value for taking the same thing without contract or other right. *Birdsall* v. *Coolidge*, 93 U. S. 64. The amount of the orators' royalty would be a limit beyond which they could not go for damages, for it fixed the extent of their right. It would be their part out of what they and their licensee together could recover. They have been allowed this part out of sales expressly shown to have been lost on account of this infringement. They are entitled to more if it is to be presumed that other sales were lost to their licensee and to them from the mere fact that the sales were made by the defendant. Such presumption does not arise without more proof. Damages must be proved, and this does not prove them. *Seymour* v. *McCormick*, 16 How. 480; *New York* v. *Ransom*, 23 How. 487; *Blake* v. *Robertson*, 94 U. S. 728; *Dobson* v. *Hartford Carpet Co.*, 114 U. S. 439, 5 Sup. Ct. Rep. 945; *Dobson* v. *Dornan*, 118 U. S. 10, 6 Sup. Ct. Rep. 946.

The exceptions, according to these views, must be overruled.

It is suggested in argument that it is obvious that the orators have sustained damages in consequence of the infringement beyond those allowed; and that this failure to award to them what they might be entitled to, if proved, should be made up by increasing the damages under sections 4919 and 4921 of the Revised Statutes. But this would be awarding damages without proof, and might not be any nearer right.

Exceptions overruled, report accepted and confirmed, and decree to be entered accordingly.