## HUNT BROS. FRUIT PACKING CO. v. CASSIDY.

(Circuit Court of Appeals, Ninth Circuit. October 24, 1892.)

1. PATENTS FOR INVENTIONS — INFRINGEMENT — OPINION — EVIDENCE — DRYING APPARATUS.

In an action for infringement of a patent for improvements in fruit dryers, the patentee, after stating that he had been engaged in mechanical pursuits, had seen many different dryers, and had sufficient knowledge of mechanics to permit him to give an intelligent opinion as to the cost of a piece of machinery when he saw it, was asked which in his judgment would be the cheaper to construct, his or the alleged infringing dryer. *Held,* that the question was not objectionable, on the ground that the witness had said he did not know the cost of the infringing dryer.

2. SAME—INVENTION—BURDEN OF PROOF—DIRECTING VERDICT.

The existence of letters patent issued in due form constitutes prima facie evidence of the validity of the patent, and where, in an action at law for infringement, such letters are introduced, an alleged want of invention is matter of defense, the burden of showing which is on defendant; and the court cannot direct a judgment for defendant, even though the patentee, on cross-examination, has given evidence that may tend to show a prior state of the art excluding invention on his part.

3. SAME—INFRINGEMENT—INSTRUCTIONS—QUESTIONS FOR JURY.

Whether there was invention in the patent, whether plaintiff was the first inventor, and whether the use of gravity catches as mechanical equivalents of spring catches was known at the time of plaintiff's application, were questions of fact for the jury

4. SAME—DISCLAIMER— MECHANICAL EQUIVALENTS.

In letters patent No. 172,608, issued January 25, 1876, to John W. Cassidy, for an improvement in fruit dryers, the patentee first claimed "spring or other catches," but, on an objection that his application was not in proper form, amended by striking out "or other." *Held,* that this was not a disclaimer of gravity catches, which were known mechanical equivalents for spring catches.

5. SAME—NOMINAL DAMAGES—EVIDENCE.

Plaintiff, owning a patent for two improvements in fruit dryers, sued for the infringement of but one. *Held,* that nominal damages only were recoverable, where the evidence showed only the amount of a license fee for both devices; and the profits to be made in manufacturing fruit dryers containing both improvements.

6. TRIAL—INSTRUCTIONS—WAIVER OF OBJECTIONS.

An exception to the court's refusal to direct a verdict for defendant at the close of plaintiff's evidence is waived by proceeding in the cause, and introducing evidence for the defense. Railway Co. v. Cummings, 1 Sup. Ct. Rep. 493, 106 U. S. 700, and Insurance Co. v. Crandal, 7 Sup. Ct. Rep. 685, 120 U. S. 527, followed.

In Error to the Circuit Court of the United States for the Northern District of California.

At Law. Action by John W. Cassidy against Hunt Bros. Fruit Packing Company to recover damages for infringement of patent. Judgment for plaintiff. Defendant brings error. Reversed.

M. A. Wheaton, I. M. Kalloch and F. J. Kierce, for plaintiff in error. John H. Miller, for defendant in error.

Before McKENNA, Circuit Judge, and ROSS and KNOWLES, District Judges.

KNOWLES, District Judge. Defendant in error instituted suit in the circuit court of the United States for the northern district of

California for an infringement upon his letters patent for improvement in a drying apparatus for drying fruit.

The allegations in the declaration are:

"That said invention related to an improved device for desiccating fruit and other substances by means of artificial heat, and consisted, among other things, of a novel means of moving the trays on which the fruit is held within the drying chambers from the time it is admitted until it is removed therefrom, as will more fully appear from the letters patent hereinafter set out, to which reference is here made for a fuller description."

The charge is that defendant—

"Has wrongfully made, used, and sold large numbers of machines containing and embracing the invention described and claimed in and by the said letters patent."

Turning to the letters patent, we find what are the inventions claimed by Cassidy. He says:

"First. My invention relates to an improved device for desiccating fruit and other substances by means of artificial heat, and it consists, first, of a novel method of utilizing the heat which passes through flues from the furnace, and by leading these flues around the chamber within suitable pipes or cases, and making certain openings from these cases into the chamber, I am enabled to admit heated air from any or all sides and at different heights between the layers of fruit, while heat is also admitted from the bottom of the chamber or not, as may be desired.

"Second. My invention also consists in a novel means of moving the fruit within the chamber from the time it is admitted until it is again removed."

In describing this second invention the applicant says:

"In order to elevate and support the trays of fruit after they are introduced, I have employed a combination of movable and stationary standards upon two opposite sides of the chamber, and these standards are provided with spring catches, which can be forced inward to allow a tray to pass up, but will return to their places after it passes, and prevent its going down."

Plaintiff in error says in his brief:

"The patent was for alleged improvements in a drying apparatus."

Defendant in error says in his brief:

"The patent in suit was granted to John W. Cassidy, * * * and covers improvements in drying apparatus used for drying fruits, vegetables, and other products."

It contains two claims. Infringement is charged of the second only.

Again,—

"The device covered by the first claim is a system of flues for evenly distributing the heat. No infringement thereof is charged, and it may be dismissed from consideration."

Again,—

"There is no resemblance whatever between the Alden and Cassidy machines, further than the fact that they are both stack dryers. But the Cassidy claim is not for a stack dryer. It is for a peculiar mechanism to lift the trays of a stack dryer."

From the foregoing it would appear that there was no contention but that defendant in error's patent was for improvements in fruit dryers, and not for a fruit dryer. In the subsequent consideration of this case this may become important.

Plaintiff in error urges that the circuit court committed an error in allowing Cassidy to give an opinion as to the relative costs between

his patented fruit dryer and the Alden fruit dryer. The witness stated that he had for a number of years been engaged in mechanical pursuits; that he had seen a great many fruit dryers of different kinds; that he thought his knowledge of mechanics sufficient to permit him to give an intelligent opinion as to the cost of a piece of machinery when he saw it. This question was then asked him: "With that as a basis, I will repeat the question, and will ask you which in your judgment would be the cheapest to construct, yours or the Alden?" The objection of plaintiff in error to this question was "because the witness says he does not know what the Alden dryer would cost." It will be seen that the objection was not that the witness was not competent to give an opinion as to the relative costs of these two machines, or that this was not a competent way of proving their relative costs. It is urged by plaintiff in error that the cost of building the Alden dryer was capable of exact proof. There is no evidence to show this, and this was not the objection made. A party objecting to the introduction of evidence must specify the point of objection definitely, and none other will be considered. The fact that the witness did not know the exact cost of the Alden machine would be no objection to his giving his opinion, as a competent expert, as to its cost. A party is never injured by a question propounded to a witness unless he can show injury from the answer thereto. In this case the answer was much narrower than the question would have warranted. In response thereto the witness said: "I think, so far as the shifting apparatus is concerned, this would be 50 per cent. cheaper than the Alden,—fifty or seventy-five." This was competent evidence upon the question as to the utility of the machine of the defendant in error.

The next error claimed by plaintiff in error to have been committed by the circuit court is in its refusing to instruct the jury to find a verdict for defendant, when the plaintiff in the court below had rested his case upon the evidence then presented. The ground upon which it is urged that the court should have given this instruction seems to be that it appeared from the evidence that there was no novelty in plaintiff's patent; that it was superseded by the Alden machine; that Cassidy had substituted in his patent only mechanical equivalents for those devices used in the Alden. Plaintiff introduced his patent in evidence. This was prima facie proof of the validity of his patent. In the case of Mitchell v. Tilghman, 19 Wall. 390, the supreme court said:

"The patent, when introduced in evidence by the complaining party in a suit for infringement, affords a prima facie presumption that the patentee is the original and first inventor of what is therein described and claimed as his invention."

In Walker on Patents the rule is expressed that the patent, when introduced in evidence, is prima facie proof of its own validity, unless it appears on its face not to be such a document as the statute prescribes. Walk. Pat. § 491. When letters patent are introduced in evidence the burden is cast upon the defendant to show that they are not good, or that the patentee is not the first inventor. Blanchard v. Putnam, 8 Wall. 420; Seymour v. Osborne, 11 Wall. 516–538. The question of anticipation or want of invention is a matter of defense. The question of anticipation cannot be raised without notice specifying the anticipating invention. Section 4920, Rev. St. The ques-

tion as to whether, considering the previous state of the art, no invention was made by the patentee may be raised without notice. But the want of invention in a patent is a matter of defense unless the thing for which a patent is claimed shows on its face that it is without invention. Walk. Pat. § 599. In the following cases want of invention is spoken of as a defense: Mahn v. Harwood, 112 U. S. 354, 5 Sup. Ct. Rep. 174, and 6 Sup. Ct. Rep. 451; Hendy v. Iron Works, 127 U. S. 370, 8 Sup. Ct. Rep. 1275. The evidence given by Cassidy concerning the Alden dryer was brought out by defendant on cross-examination. It would appear to have been an attempt on its part to make out its defense in this way. If the evidence of Cassidy had any tendency to make out defendant's defense, it was a matter for the jury to determine its weight. And they should have been able to find from it, beyond reasonable doubt, that there was no invention in his patented devices, or that they had been anticipated. Coffin v. Ogden, 18 Wall. 120; Walk. Pat. § 76. It was not pretended that the Cassidy machine showed want of invention on its face. This result was to be reached only by evidence. Under such a condition there could have been no error in the court refusing to take the case from the jury, and decide the issue of fact presented itself. Defendant in error urges that plaintiff in error waived the exception to the refusal of the court to instruct the jury to find for defendant by proceeding in the cause and introducing evidence on its part. In the case of Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. Rep. 493, the supreme court said:

"It is undoubtedly true that a case may be presented in which the refusal to direct a verdict for the defendant at the close of plaintiff's testimony will be good ground for the reversal of a judgment on a verdict in favor of the plaintiff, if the defendant rests his case on such testimony, and introduces none in his own behalf, but if he goes on with his defense, and puts in testimony of his own, and the jury under proper instructions finds against him on the whole evidence, the judgment cannot be reversed, in the absence of the defendant's testimony, on account of the original refusal, even though it would not have been wrong to give the instruction at the time it was asked."

In the case of Insurance Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. Rep. 685, the supreme court held that, under such circumstances, the ruling of the court "cannot be assigned as error because the defendant at the time of requesting such an instruction had not rested its case." This doctrine was affirmed in Robertson v. Perkins, 129 U. S. 233, 9 Sup. Ct. Rep. 279. Under these controlling authorities, the contention of defendant in error on this point must be sustained.

Plaintiff in error urges that under the evidence it was wrong to have left it to the jury to determine whether or not gravity catches were mechanical equivalents for spring catches, for the reason that defendant in error narrowed his claim by an amendment of his application for a patent so as to leave out of his claim for spring or other catches the words "other catches." It does appear from the record that defendant in error, in his application for a patent, first claimed "spring or other catches," and then amended to "spring catches." This was done by direction of the patent office, on the ground that the application was not proper in form. There is a decision of the supreme court that urges that such applications should

not be received, because of indefiniteness and liability to misconstruction. But we do not think that this can be classed as a disclaimer of any other catches which would be a mechanical equivalent therefor. Such was not the object of the amendment, or the reason for requiring the same. Generally, a patentee, no matter what the character of his patent may be, can claim mechanical equivalents known to exist at the time of the application, whether he claims them or not in his application. Walk. Pat. § 350; Vulcanite Co. v. Davis, 102 U. S. 230; Tatum v. Gregory, 41 Fed. Rep. 142. There may be a rule of strict construction applied to patents that do not embrace pioneer inventions when considering this question. But there is no dispute but that the gravity catches were known mechanical equivalents for spring catches at the time of defendant in error's application. There would seem to be no room, then, for construction upon this point. If defendant in error is entitled to mechanical equivalents at all, he should be in this case. We hold that this point is not well taken.

The court in his instructions submitted to the jury the question as to whether there was invention in the patent, and as to whether defendant in error was the first inventor of the devices mentioned in his patent; and also the question is to whether gravity catches were the mechanical equivalent for spring catches known at the time of the patentee's application. These are all questions of fact, and in a law case should be submitted to the jury under proper instructions as to the law applicable to the same. This, we think, was properly done by the court. Plaintiff has assigned and claimed many errors as committed by the court in regard to the refusal to instruct as requested by it, and in giving certain instructions to the jury. Considering the charge as a whole, we think, upon the matters above stated, it was correct and sufficient. Under these circumstances, we think it a profitless expenditure of time to consider and review in this opinion all of the alleged errors.

The plaintiff in error, upon another issue not above stated, namely, upon the question of damages, asked the court to instruct the jury that, under the evidence presented, the plaintiff could not recover more than nominal damages, if any. As stated before, defendant in error claimed two improvements in fruit dryers. He sued for an infringement of but one of these claims. His claim for damages cannot be broader than for the infringement he claims. In other words, he cannot claim damages for anything more than this one device. He is injured only to the extent of the use of that part of his patent which has been infringed. The evidence as to damages consisted of evidence of a license fee which he had fixed for both of his devices, and evidence of the profit to be made in manufacturing fruit dryers containing both of these improvements, and also certain unpatented features. The authorities are full upon the point that a party cannot recover as damages the profits to be derived from the manufacture of the whole of a machine, when only a portion of the same contains a patented feature. Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. Rep. 291; Dobson v. Carpet Co., 114 U. S. 440, 5 Sup. Ct. Rep. 945; Philp v. Nock, 17 Wall. 460. The burden of proving damages for the in-

fringement of a patent is upon the plaintiff, and he must establish his damages by competent evidence, and they must not be left to be surmised or arrived at from conjecture by the jury. Garretson v. Clark, supra; Blake v. Robertson, 94 U. S. 728. It is true that when there is no evidence which can be produced of a license fee, or the profits to be derived from the manufacture of the patented device, the jury may be called upon to determine what would be a reasonable license fee when proper evidence is introduced tending to establish that fact. Walk. Pat. §§ 563, 564. But the evidence in this case did not have a tendency to establish that fact. No evidence was introduced for that purpose. No evidence of the relative utility or value of the two devices named in the patent was presented. The proof of a license fee for two improvements in fruit dryers is not competent, in order to show the damage sustained by an infringement of one of these improvements. Philp v. Nock, 17 Wall. 460; Seymour v. McCormick, 16 How. 480. The market price of two pieces of land could not be proven in order to show the market value of one of these pieces. A license fee, when established and agreed to by the public, is only a means of estimating the market value of a patented machine or device of which the patentee had been deprived by infringement. Seymour v. McCormick, supra, 490, opinion; Packet Co. v. Sickles, 19 Wall. 617; Rude v. Westcott, 130 U. S. 152--165, 9 Sup. Ct. Rep. 463. Plaintiff's evidence was of such a character, then, in our opinion, as not to give the jury the means of arriving at any more than nominal damages for plaintiff. The damages found cannot be deduced from any evidence in the case, but must have been reached by surmise or conjecture, and the evidence was not of the character to have warranted the same. It was therefore error in the court below to have refused plaintiff in error's request to instruct the jury that they could find only nominal damages for plaintiff. For this error the judgment of the court below is reversed and set aside, and the cause remanded for further proceedings.