SPROULL v. PRATT & WHITNEY CO.

(Circuit Court of Appeals, Second Circuit. May 7, 1901.)

No. 127.

1. PATENTS—CONSTRUCTION OF LICENSE—ROYALTIES.

A contract granting an exclusive license to manufacture and sell separate articles, not necessarily conjointly used, covered by different patents, on which the licensee is to pay royalties, presumptively requires the payment of such royalties on any one article only during the life of the patent thereon; and the contract will be so construed, unless a contrary intention appears therefrom.

2. APPEAL—DECISION—QUESTION OF COSTS.

A decree will not be reversed on a question of costs, where it is affirmed in respect to the merits.

Appeal from the Circuit Court of the United States for the Southern District of New York.

De Lancy Kennedy was in his lifetime a citizen and resident of the state of New York, and died on or about January 16, 1893, leaving a last will and testament which was duly probated. The complainant, a citizen and resident of the state of New York, was appointed administratrix with the will annexed of his estate on September 24, 1894. The defendant is a corporation under the laws of the state of Connecticut. Prior to May 26, 1888, Kennedy was the owner of four letters patent of the United States,—the first, No. 148,566, dated March 17, 1874, for a machine for applying power in implements used either for cutting, or shearing, or punching, which could be, and was, used for shearing without a punch, and which expired June 17, 1891; the second, No. 161,968, dated April 13, 1875, for a spiral punch, which expired on April 13, 1892; the third, No. 267,751, dated November 2, 1882, for an improvement on the spiral punch, which expired on February 17, 1895, in consequence of the expiration of a prior Canadian patent for the same invention; and the fourth, dated January 3, 1888, for a coupler to attach punches of different diameters to a punching machine, which will expire in 1905. The first three patents were issued to Kennedy as inventor. The fourth was issued to Alfred H. Raynal, who assigned it to Kennedy. On May 26, 1888, Kennedy, as party of the first part, entered into a written contract with the defendant. The essential parts of the agreement, after reciting the ownership of the patents, are as follows: "The party of the first part hereby gives and grants unto the party of the second part, its successors and assigns, the sole and exclusive right, except as to parties above named, to whom license to manufacture has already been granted to manufacture in the United States of America and sell in the United States and other countries, the machines, punches, etc., under the aforesaid letters patent during the unexpired term thereof; also such other improvements therein as he may make or acquire during the continuance of this agreement. Said party of the first part further agrees to devote * * * his whole time for twelve months * * * to the introduction and sale * * * of the above-mentioned articles manufactured by the said party of the second part. * * * The party of the second part promises and agrees to manufacture at its cost and expense, in such reasonable quantity as shall meet the demand of the market of the United States and other countries, the said machines, punches, etc., and make earnest endeavor to sell them; to employ said party of the first part for twelve months * * * to introduce and sell * * * the said machines and punches manufactured by it; * * * to render to said party of the first part a full and correct report, on or about the first day of the months of July, October, January, and April in each year, of sales, wherever made, of said machines and punches, etc., during the preceding three months, and pay to said party of the first part during said four months twenty (20) per cent. of the proceeds of such sales as royalty, excepting upon sales of punches Nos. 10, 11, and 12, upon which three sizes the royalty to be paid is only fifteen (15) per cent." On March 17, 1891, the date of the expiration of the machine patent, Kennedy obtained a new patent for an improvement, No. 448,525, which defendant never used and for which it is not liable to account. The defendant ceased to pay royalties on sales of the shearing and punching machine after June, 1892, and upon sales of punches and couplers ceased after March 31, 1894. The circuit court found that the spiral punches were made under the patent of 1882, and that, as it did not expire until February 17, 1895, royalties upon sales of punches continued to be due until the date of its expiration, and that royalties upon the sales of couplers continued to be due until the date of the decree. No appeal was taken by the defendant from the decree. The circuit court's construction of the contract was that royalties expired with the respective patents, and judgment was entered for the complainant for the amount due upon sales of articles made after March 31, 1894, which were covered by the patents of November 12, 1882, and January 12, 1888, amounting to $922. From this decree (101 Fed. 265) the complainant appealed.

J. Edward Ackley and Paul N. Turner, for appellant.

E. D. Worcester, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge (after stating the facts as above). The complainant construes the contract to be a continuing and indivisible agreement for the payment of the specified percentage of proceeds upon the sales of all machines and other articles made in accordance with expired or unexpired patents. Unless the contrary appears to have been the intention of the parties, the presumption is that, under a license for the exclusive right to manufacture and sell under a patent, royalties are not payable upon articles manufactured and sold after the expiration of the life of the patent. Parties may, of course, contract as they choose; but, in the absence of some provision by which a promise for the continuing payment of royalties upon expired patents may be fairly inferred, the presumption is that the contract is upon the ordinary terms as to the duration of royalty. In this case, the agreement was for the exclusive use and for payment of royalties upon four patents, one of which expired in about 3 years, and the fourth expired nearly 17 years, from the date of the contract; and the consideration for Kennedy's agreement was strictly a royalty, and not a division of the proceeds of a joint business for a term of years. The fact that the contract declares that the license is to manufacture and sell under the letters patent during the unexpired term thereof, instead of using the plural, "terms," is not significant in view of the nature of the contract, which was founded upon a license to manufacture in the United States articles under four patents for three separate articles. The argument by the complainant was founded upon the theory that these separate articles were to be used, and were used, jointly, so that the contract was in fact for the manufacture of sets of tools for joint use. The machine patent was for shearing or punching, and the circuit court found that "during the five years or more covered by the accounting only six of the machines sold, of the value of $286," were of such a character that they could be used conjointly with the couplers and punches, while more than $1,500 worth of such machines were sold on which a royalty is claimed, but which could not be conjointly used with the couplers and punches. "It is further found that the articles made under these various patents could readily be separately used, and are ordinarily sold for separate use." The finding of the court was supported by the testimony taken before the master.

The decree of the circuit court was silent on the subject of costs. The bill for an accounting was founded upon a single contract for the payment of unpaid royalties upon four patents after March 31, 1894, when the defendant ceased payment entirely, and the judgment was for the complainant to recover the amount due upon two patents. One of the assignments of error is based upon the nonallowance of costs. When a decree is "affirmed with respect to the merits, it will not be reversed upon the question of costs." Du Bois v. Kirk, 158 U. S. 58, 15 Sup. Ct. 729, 39 L. Ed. 895. The decree of the circuit court is affirmed, with costs of this court.