CAMPBELL v. MANGLE et al.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

No. 1,978.

PATENTS (§ 328*)—INVENTION—FLUME GATE.
    The Campbell patent, No. 704,971, for a flume gate, *held* void for lack of patentable invention in view of the prior art.

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of California.

Suit in equity by Ephraim Campbell against Calvin M. Mangle,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jacob E. Tischer, Robert E. Norris, and Charles W. Lehr. Decree for defendants, and complainant appeals. Affirmed.

The appellant brought a suit against the appellees to enjoin infringement of letters patent No. 704,971, of date July 15, 1902, issued to Ephraim Campbell, for a new and useful improvement in flume gates to be used in irrigation. The object of the invention is to provide a simple flume gate which will permit a perfect closure of the outlet when desired, by means of a sliding gate held against the tube from which the water issues, and so constructed and arranged that the operation of the gate will not be interfered with by sand and other materials which may come against the gate, either from the water or from other sources. The claims which are said to have been infringed are the following:

"(2) A plate having inbent edges and a perforation between said edges, a tube inserted through the perforation and fastened to the plate, and terminating in a plane near the plane in which the inbent edges lie, and being beyond the plate, and a sliding gate fitting between said tube end and said inbent edges."

"(4) A flume gate comprising a tube to extend through a flume wall, and a gate holder fastened to the tube at a distance from the end thereof, and extending beyond the end of said tube, and terminating in two edges which lie in a plane that extends near the plane of the end of the tube, and a gate fitting against the end of the tube on the one side and against said edges on the other side."

John H. Miller and William K. White, for appellant.
Frederick S. Lyon, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The court below held that the patent was void for want of invention, the said device covered thereby having been anticipated by devices of the prior art. The evidence as to the prior art shows the use of two forms of gate, both manufactured of galvanized iron, as is the gate in controversy. One of the prior gates differs from that of the patent only in the fact that the plate edges which hold the slide against the projecting edge of the tube were bent and flattened, instead of being inbent, and curved so as to present a resilient pressure against the slide. This gate, known in the record as the "Ford gate," had been in use very extensively for many years prior to and since the date of the appellant's patent. It was a gate that was satisfactory on the whole, although inferior to the appellant's gate; but it was cheaper, and its use had not been supplanted by the appellant's device.

If the Ford gate embodied all of the prior art, we should be disposed to say that the appellant's device was patentable, as showing invention and improvement on the prior art, because there is no doubt that the curved inbent edges of the gate holder bring the pressure to bear on the slide nearly opposite the edge of the projecting tube, and secure a closer contact of the slide to the tube, so as to prevent leakage, and by their resiliency hold the gate tightly against the projecting tube, and dispense with obstruction to the movement of the gate, and prevent the accumulation of sand or other material in the slides. But there is in the record ample proof of the use of slide holders in flume gates, identical with those of the appellant, for several years prior to his patent. Those slide holders were not, except in

one or two instances, attached to the tubes. The tube was fastened in the flume, and it passed through an aperture in the plate of the slide holder, and the latter was nailed against the wooden flume. But, aside from the single feature that the slide holders were not attached to the tubes, the gates so used were identical with the appellant's device. Now, what the appellant has done is to take the best features of those two forms of gates in prior use and combine them in one. We agree with the court below that that is not invention.

Counsel for the appellant, in view of the fact that the Ford gate and the other gates of the prior art were in common use side by side for more than ten years before the date of the appellant's invention, inquires why, if the step taken by the appellant was an obvious one, it was not taken by some mechanic during all that long period of time. The answer seems to be that the Ford gate was reasonably satisfactory. According to the testimony, it is still satisfactory. It is displaced by the appellant's gate only in cases where the purchaser desires to secure a better made gate, and perhaps a better gate, at a higher price than the Ford gate.

The decree is affirmed.