# CASES

## ARGUED AND DETERMINED

IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### EMPIRE RUBBER & TIRE CO. v. DE LASKI & THROPP CIRCULAR WOVEN TIRE CO.

### DE LASKI & THROPP CIRCULAR WOVEN TIRE CO. v. EMPIRE RUBBER & TIRE CO.

(Circuit Court of Appeals, Third Circuit. June 15, 1922.)

Nos. 2824, 2834.

1. **Patents ⬉324(5)—Master's findings as to profits and damages not set aside by appellate court, unless clearly erroneous.**

   The master's findings of fact in respect to profits made and damages inflicted by infringement have every reasonable presumption in their favor, and will not be set aside or modified by the appellate court, unless clearly erroneous.

2. **Patents ⬉318(4)—Proper basis for ascertaining profits by use of infringing part on a machine stated.**

   Evidence on an accounting for infringement of a patent covering a machine for wrapping automobile tires, which showed that the patent was for a combination readily separable into two parts and that one part of a machine was not the novel element, but which was similar to other machines in use, could have been and was used by defendant without the infringing part of the machine, though to less advantage, shows that the proper standard of comparison for ascertaining profits by the infringement was the cost of wrapping with use of the noninfringing part, or the rival machine, not the cost of handwrapping.

3. **Patents ⬉318(4)—Patentee must show infringement resulted in some profit, before it can claim commingled profits.**

   The apportionment doctrine does not entitle a patentee to the profits from the infringement commingled by the infringer with other profits, where the patentee's evidence as to profits was based on an erroneous standard of comparison, so that there was no evidence that the infringer had made any profits at all from the infringement.

4. **Patents ⬉318(3)—License fees are sufficient, without other evidence, as measure of damages for infringement.**

   On an accounting to ascertain damages for infringement of a patent, proof of the license fee charged by the patentee for the use of its patent, without more, makes the license fee a proper measure of damages.

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. Patents ☞318(3)—Rule that licenses including use of other machines is not measure of damages to be applied under circumstances of each case.

The rule that the license fee charged by a patentee is not the measure of damages in case the license covers the use of other machines, in addition to the patented machines, is open to exceptions, and is to be applied to the peculiar facts and circumstances which control each case, remembering always that pecuniary loss arising from infringement can be determined only through a reasonable approximation.

6. Patents ☞318(3)—License fee for use of any one of four machines held measure of damages for infringement of one.

The fee charged under license agreements, which covered four machines or devices, but which required the licensee to pay the full royalty rate for the use of the patented machine in controversy alone, establishes the proper measure of damages for infringing use of the invention.

Appeal from the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

Suit in equity by the De Laski & Thropp Circular Woven Tire Company against the Empire Rubber & Tire Company for infringement of patent. From a decree awarding plaintiff damages, but not profits, and refusing to treble the damages, both parties appeal. Affirmed.

E. Clarkson Seward, of New York City (Thomas G. Haight, of Jersey City, N. J., of counsel), for plaintiff.

Francis C. Lowthorp, of Trenton, N. J., for defendant.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. In a suit on the De Laski & Thropp patent No. 1,011,450, for a machine for wrapping automobile tires before vulcanization, instituted by the patentee against an infringing maker, this court affirmed a decree of the District Court holding the patent valid and infringed. De Laski & Thropp Circular Woven Tire Co. v. William R. Thropp & Sons Co. (D. C.) 218 Fed. 458, Id. (C. C. A.) 226 Fed. 941. The present suit was brought by the patentee against the user of the machines which in the first suit were found to infringe the patent. The District Court again held the patent valid and infringed. 239 Fed. 139. The case then went to an accounting. The special master awarded the plaintiff damages but declined to award it profits. On exceptions the report of the master was affirmed. Both parties appealed; the defendant from the award of damages; the plaintiff from the refusal of the court to award profits and also from its refusal to treble the damages.

[1] While subscribing to the settled rule that a master's findings of fact in respect to profits made and damages inflicted by the use of an infringing machine have every reasonable presumption in their favor and will not be set aside or modified by an appellate court unless clearly erroneous, Continuous Glass Press Co. v. Schmertz Wire Glass Co., 219 Fed. 199, 205, 135 C. C. A. 85, certiorari denied, 238 U. S. 623, 35 Sup. Ct. 661, 59 L. Ed. 1494, both parties are inclined—quite naturally—to depart somewhat from the rule in pressing the grounds of their respective appeals. We, however, have adhered closely to the

rule in arriving at our conclusion; and as these conclusions mainly involve questions of fact of no interest to any one except the litigants, we shall state them without discussion.

[2] The question of profits as tried before the master on the reference and before the District Court on exceptions turned on the question of what constitutes a proper standard by which to compare the gains and savings made by the use of the infringing machines over other means available at that time for doing the same work.

The machine of the patent (described in the opinions of the original case), while an unitary structure, is readily separable into two parts,—a stand or understructure on which tires are wrapped when being rotated and a superstructure embodying rolls which compress the tires in their rotation. The latter constitutes the essential feature of the invention. When the superstructure is removed or the pressure rolls suspended, the understructure can be used (as, indeed, it was used by the defendant) for wrapping tires. Wrapping by the understructure alone is, however, not so satisfactory. As the patent is for a combination comprising both structures, this part of the machine alone is not the invention of the patent. For its use by the defendant, the plaintiff neither charges infringement nor claims profits. Another machine, without pressure rolls, known as the "Williams" machine, was also used by the defendant for wrapping tires. These machines the master and the court regarded as the proper standard of comparison. The plaintiff, however, insisted, and still insists, that original hand wrapping is the proper standard. As there is ample evidence to sustain the finding of the master that the Thropp machine without the pressure rolls and the Williams machine were, through the periods of infringement, not only available to the defendant but were used by it in wrapping tires and thus became the proper standard of comparison—evidence equally persuasive to the trial court and to this court—we can not discover clear error or mistake in the finding. Columbia Wire Co. v. Kokomo Steel & Wire Co., 194 Fed. 110, 114 C. C. A. 186; American Co. v. Snyder (D. C.) 241 Fed. 274.

[3] As the plaintiff built its case on hand wrapping as a proper standard of comparison, which was rejected by the master and by the court, there is in the record no evidence of gains and savings in the use of the infringing machine measured by the standard which the master and the court adopted. Therefore, we find nothing in the record to support the plaintiff's claim for profits. Feeling the force of this situation the plaintiff maintains that under the apportionment doctrine of Westinghouse v. Wagner, 225 U. S. 604, 614. 32 Sup. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653, it is, nevertheless, entitled to profits because the defendant commingled the profits obtained from the use of the infringing machines with profits of its own. Should we assume this to be true, the plaintiff, while not compelled to prove what part of the commingled profits were derived from infringement, is still confronted with the burden of establishing some proper standard of comparison by which to determine whether there were, in fact, any profits at all, for, obviously, the patentee is only entitled to recover profits, measured by gains and savings, which are attributable to the

use of its invention in comparison with the use of other available means. So we are back at the starting place, where, as we have said, we find no evidence of a proper standard of comparison by which to measure the plaintiff's claim for profits upon any theory.

[4, 5] On the defendant's appeal from the award of damages the single question is whether damages can lawfully be admeasured upon the evidence offered. This evidence consists of ten license agreements made between the plaintiff and other tire manufacturers wherein fixed and uniform royalties at different rates are required to be paid for wrapping tires of different dimensions by the machine of the patent. Without anything more, such a license fee is a proper measure of damages arising from infringement. Dowagiac v. Minnesota, 235 U. S. 641, 646, 35 Sup. Ct. 221, 59 L. Ed. 398. But the defendant urges that these agreements are not valid evidence of damages arising from an infringing use of the machine of the patent because the royalties therein provided are for something entirely different in that they are for something more. This contention is based on the fact that the license agreements cover the invention of the patent in suit and three other machines or devices useful in the manufacture of tires, and is rested on the rule of law that as royalties are to be paid for the privilege of using all or any one of the four machines, the consideration in the agreements for the use of all is not a just measure of damages for the infringing use of one. Moffitt v. Cavanagh (C. C.) 27 Fed. 511; Colgate v. Western Manufacturing Co. (C. C.) 28 Fed. 146; Sproull v. Pratt & Whitney Co., 108 Fed. 963, 48 C. C. A. 167; Hunt Bros. Co. v. Cassidy, 53 Fed. 257, 261, 3 C. C. A. 525; Bell v. United States Stamping Co. (C. C.) 32 Fed. 549; American Sulphite Pulp Co. v. De Grasse Paper Co., 193 Fed. 653, 113 C. C. A. 521, certiorari denied, see De Grasse Co. v. American Co., 225 U. S. 712, 32 Sup. Ct. 841, 56 L. Ed. 1268.

While this is the general rule, it, admittedly, is open to exceptions, Expanded Metal Co. v. General Fireproofing Co. (D. C.) 247 Fed. 899, 904, and is to be applied to the peculiar facts and circumstances which control each case, remembering always that pecuniary loss arising from infringement can, in any event, be determined only through a reasonable approximation, Lee v. Malleable (D. C.) 247 Fed. 795; Clark v. Schieble, 248 Fed. 276, 160 C. C. A. 354. And we think the terms of the agreements here in question bring this case within one of the exceptions.

[6] Concededly, the license agreements in evidence cover four machines or devices, one under the patent in suit, another under a patent which had been declared invalid, and two under pending applications for patents. The agreements also show that the royalty on the invalid patent was not included in the 5, 10 and 15 cent rates relied upon in proof of damages and used by the master in computing damages, and that the rates named are to be paid for the privilege of using any one of the apparatus named in the agreements. In other words, the licensees are absolutely bound to pay the full royalty rate of 5, 10 and 15 cents for the use of the tire wrapping machine alone.

We are of opinion, therefore, that the rates in the license agreements

offered in evidence, applying to the invention of the patent in suit, constitute the proper measure of damages for an infringing use of the invention.

We find nothing in this lengthy litigation to justify the plaintiff's claim for an increase of damages over the award of the master.

The decree below is in all respects affirmed, the costs of these cross-appeals to be borne equally by the parties.